Pugh v. Chesapeake & Ohio Railway Company.

CASE 12—PETITION ORDINARY—MARCH 13.

# Pugh v. Chesapeake & Ohio Railway Company.

APPEAL FROM LEWIS CIRCUIT COURT.

101    77
115    586
101    77
120    21
101    77
119    29
101    77
128    740
101    77
133    70

1. WRONG DOERS—JOINT LIABILITY FOR TORT.—For an injury inflicted by two or more wrong doers an action may be maintained by the injured party against any one or all of them, the liability of the wrong doers being joint and several; and the injured party has a right to elect and proceed against any one or all of them.

2. SAME.—While several persons may be guilty of several and distinct negligent acts, yet if their concurrent effect is to produce an actionable injury, they are jointly and severally liable therefor, the purpose of the action being not to recover for the negligent act or acts, but to recover damages for the injury which they produce.

3. SAME—COMPENSATION FOR INJURY.—If an injury is produced not by design, but by the concurrent acts of negligence of two or more persons, although their acts were separate and distinct still they incur a joint and separate liability for the injury which they produced; but if the injured person sues one of them and receives satisfaction for the injury, he can not recover from the other wrong doers, as he is only entitled to be once compensated for the injury.

4. SAME.—While one person is not generally liable for the negligent acts of another, yet when he is guilty of negligent acts, which together with the negligent acts of others, produce an injury, then he becomes jointly and severally liable for the injury so produced.

5. RAILROADS—JOINT LIABILITY OF THE COMPANY AND ITS SERVANTS.—In an action against a railroad company and the conductor, engineer and fireman in charge of the train which injured the plaintiff, where it is charged that the injury was inflicted by "the wanton and gross negligence of all the defendants in operating the locomotive engine and cars, and leaving the locomotive engine of said train in charge and control of the fireman of said crew, and permitting said locomotive engine to be operated by said fireman, and in not having the cars of said train supplied with any apparatus or means to enable plaintiff to get on said cars, and in having the cars of said train unsafely, insecurely and defectively equipped plaintiff was thereby thrown under the cars of said train and

run over," there is but one cause of action alleged, and it was error to strike out that part of the petition alleging that the cars were not supplied with the necessary apparatus.

WILLIAM GOEBEL for APPELLANT.

1. It is not only the right but the duty of the plaintiff to aver in his petition, stating a single cause of action, every ground for recovery that he has. This necessarily results from the rule, that if the plaintiff in suing upon a cause of action, omits to rely upon any ground of liability, and a trial is had upon the merits, he is barred in another action from asserting the ground so omitted. In this case there were two grounds for liability set out in the petition, viz. (1.) that the company negligently failed to have the cars, which appellant was, in performance of his duty, compelled to mount, sufficiently and safely equipped, (2.) negligence upon the part of the conductor, engineer and fireman in performance of their duties, and the injury is alleged to have resulted from all the negligent acts and omissions set out in the petition.

Under such circumstances, the motion to elect was improperly sustained. Greer v. L. & N. R. R., 94 Ky., 169; Brown v. Cox Brothers & Co., 75 Federal Rept., 689; Martin's Administrator v. L. & N. R. R., 16 Ky. Law Rept., 150.

2. The motion for a peremptory instruction was improperly sustained. The evidence discloses that the appellant was acting under orders of the conductor, and that the conductor and engineer had both left the train while it was switching, in the charge of the fireman; that there was no stirrup or hold on the car which appellant attempted to mount; there was a sudden increase in the speed of the train, by which his hold on the railing was broken, and he was thrown under the cars, and the injury resulted. Under such circumstances the peremptory instruction should not have been given. L. & N. R. R. v. Mitchell, 87 Ky., 336; L. & N. R. R. v. Hurst's Administrator, 14 Ky. Law Rept., 633; Greer v. L. & N. R. R., 94 Ky., 169; Kansas City &c. R. R. Co. v. Murray, 40 Pac. Rept., 646; Strong v. Iowa Cen. Ry. Co., 62 S. W. Rept., 799.

3. When a fireman has charge of a train as engineer the company is responsible for his conduct, just as it would be for the conduct of the engineer himself. L. & N. R. R. v. Moore, 83 Ky., 675; L. & N. R. R. v. Hurt's Adm'r., 14 Ky. Law. Rept., 633.

Pugh v. Chesapeake & Ohio Railway Company.

W. H. HOLT on same side.

1. The plaintiff may state as many grounds of complaint consti-
tuting the negligence producing the injury, as he may have.
They are not different causes of action for injury; the injury
may have been produced jointly by the unsafe condition of the
alleged insufficient and improper equipment, and the negli-
gence of the train officials; and these things may have con-
curred in producing the injury. Greer v. L. & N. R. R., 14
Ky. Law Rept., 876.

2. The gross neglect of those in charge of the train in being ab-
sent from their posts of duty; their failure to see and observe
the signals properly given by appellant to slow up; the putting
on of steam, when it was not only unnecessary, but when it
should have been known that it put the brakeman in dan-
ger, show such gross neglect as presents a case, which should
have been submitted to the jury.

WADSWORTH and COCHRAN for appellees.

1. It was expressly alleged in the petition, that the negligence, on
account of which the action was brought, was the joint neg-
ligence of all the appellees, and it was on this account that
the joint negligence was sought to be maintained; it was, there-
fore, improper to allege in the petition acts of negligence on
part of any of the appellees of which any of the other ap-
pellees were not guilty, and for which they were not respon-
sible.    As to the matter of equipment the cause of action was
stated only against the appellee company, and that part of
the petition was properly stricken out. It is not alleged that it
was the duty of the conductor, engineer, or fireman to remedy
the defective equipment.    L. P. Canal Co. v. Murphy, 9 Bush,
522; Furgeson v. Chicago, &c. Ry. Co., 63 Fed. Rept., 179; Greer
v. L. & N. R. R., 94 Ky., 169.

2. There is no cause of action where the injury is brought about as
a result of separate acts concurring to produce it; but only
where the result is alleged to have been produced by several
joint acts of the defendants. It appears in this case that all
of the alleged joint acts of the defendants were not in fact
joint acts, but separate and distinct acts, as the failure to
provide proper equipment was the negligent act only of the
defendant company.

3. The fact that the conductor and engineer left the train while it
was moving slowly in the switch yard, does not constitute

negligence, as the fireman and brakeman who were left in charge were competent to manage it. L. & N. R. R. v. Moore, 83 Ky., 675.

4. But even if it was negligent to permit the fireman to take the engineer's place, and the fireman was negligent in the performance of his duties as engineer, but his negligence was not the cause of the injury, there can be no recovery. Bailey on Master and Servant, page 70; Gulf, &c. Ry. v. Schwabbe, 21 S. W. Rept., 706.

5. In order for the brakeman to recover for the negligence of the engineer, the negligence must have been gross. (Greer v. L. & N. R. R., 94 Ky., 174,) and there was no evidence in this action showing gross negligence upon the part of the fireman acting as engineer.

6. The evidence shows that only sufficient steam was added at the time of the injury to take up the slack of the train that was running out as the cars passed from grade to down-grade.

7. If the petition shows negligence upon the part of the plaintiff, he can not recover upon showing the defendant guilty. The same rule that applies to the plaintiff applies to the special officer and agent, who is charged with the negligent act. Thomas v. L. & N. R. R., 35 S. W. Rept., 910.

8. But if negligence upon the part of the then acting engineer had been alleged so as to authorize recovery on account of it, no recovery could be had, because brakeman and fireman are co-servants and the common master is not responsible to either for the negligence of the other. Rhodes v. C. & O. Ry. Co., 95 Ky., 188.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

While Pugh was the servant of the defendant company he he lost a leg by a car passing over it, which resulted in the necessary amputation of it.

The action is against the railway company and Brown, Conway and Thornton, respectively conductor, engineer and fireman of the train, a car in which inflicted the injury. It is charged that the injury was inflicted by "the wanton and gross negligence of all defendants in operating said locomotive engine and cars, and in leaving the locomotive engine

of said train in charge and control of the fireman of said crew, and permitting said locomotive engine to be operated by said fireman, and in not having the cars of said train supplied with any apparatus or means to enable plaintiff to get on said cars, and in having the cars of said train unsafely, insecurely and defectively equipped, plaintiff was thrown under the cars of said train and run over, and thereby one of his legs was so injured that the same was soon thereafter necessarily amputated, and he was otherwise severely and permanently injured in his person."

It is further charged that the defendants knew that the cars were not supplied with any apparatus or means to enable plaintiff to get on the cars; that the plaintiff had no knowledge thereof until after he was injured, and could not have had such knowledge by the use of ordinary care.

The court sustained a motion to strike out all that part of the petition wherein it is stated that the cars were not supplied with necessary apparatus, etc., and that the defendants knew of the absence thereof from the cars, and the plaintiff did not know thereof until after he was injured, nor could have known it by the use of ordinary care.

The court sustained the motion upon the ground that there were two causes of action stated—one against the corporate defendant and its employes for the negligence in operating the train; the other against the corporate defendant for not properly equipping the cars—and for the latter the employes were not liable, hence these causes of action were improperly joined.

Without stopping to inquire whether a motion to strike was the proper proceeding to correct the error if one existed,

we will consider the real question involved.  For an injury
inflicted, producing a damage, by two or more wrongdoers
an action may be maintained by the one so injured, either
against one of them or against all of them.  The liability of
the wrongdoer is joint and several.  The injured party
can elect whether he will proceed against one of them or all
of them.  While several may be guilty of several and dis-
tinct negligent acts, yet if their concurrent effect is to pro-
duce an actionable injury, they are all liable therefor.  The
action, properly speaking, is not to recover for the negligent
act or acts, but it is to recover damages for the injury which
they produced.  A party may have been guilty of negligence,
but if no injury resulted from it no action could be main-
tained therefor.

Parties may form a conspiracy to injure one.  Each of the
conspirators may be guilty of distinct acts, all of which con-
cur in producing the injury.  An action may be maintained
against all of them to recover the damages resulting to the
injured party.  So if an injury is produced, not by design
but by the concurrent acts of negligence of two or more per-
sons, although their acts were distinct and separate, still
they incur a joint and separate liability for the injury which
they produced.  If the injured party should sue one of the
tort feasors and receive satisfaction from such one, he could
not recover from the other wrongdoers, as he would not be
entitled to be compensated but once for the injury.

In Stone v. Dickinson, 5 Allen, 29, where several different
creditors, acting separately, without concert, and without
knowledge that they were employing a common agent,
wrongfully caused their debtor to be arrested on their several

writs by the same officer, who served the writs simultane-
ously, and by virtue thereof committed the debtor to jail,
where he was confined upon all of them at the same time,
they were held to be joint trepassers.

The court said, in Cuddy v. Horn, 46 Mich., 603: "An act
wrongfully done by the joint agency or co-operation of sev-
eral persons will render them liable jointly or severally."

The court held in Colgrove v. New York & New Haven
R. R. Co., &c., 20 N. Y., 492, a passenger injured by a colli-
sion resulting from the concurrent negligence of two rail-
road corporations may maintain an action against both.

In Barrett v. Third Avenue R. R. Co., 45 N. Y., 628, the
court adjudged that the comparative degrees in the culpa-
bility of the two will not affect the liability of either. If
both were negligent in a manner contributing to the result,
they are liable jointly and severally.

In Flaherty v. Minneapolis & St. Louis Ry. Co., 39 Minn.,
328, it was held that the injury having been caused directly
by the concurrent wrongful acts or omissions of both defend-
ants, all tending directly to produce the one resulting event,
the action against them jointly was maintainable, al-
though there was no concert of action or common purpose
between them.

In Bunting v. Hogsett, 139 Pa. St., 376, the court recog-
nized the general rule to be that if a person suffers injury
from the joint negligence of two parties, and both are negli-
gent in a manner which contributes to the injury, they both
are liable jointly and severally, and it would seem in princi-
ple to be a matter of no consequence that one of them is a
common carrier. Neither the comparative degrees of care

required nor the comparative degrees of culpability established can affect the liability of either.

In Village of Centreville v. Cook, 179 Ill., 155, the facts which the evidence tended to prove were these: A boy some fifteen years of age, while in the observance of ordinary care for his own safety, passing along a much-used public sidewalk of the defendant, was, by reason of the inadvertent or negligent shoving by one boy of another boy against him, jostled or pushed from the sidewalk, at a point where it was elevated some six feet above the ground and was unprotected by railing or other guard, and thereby severely injured in one of his limbs. The court said: "It is not perceived how upon principle the intervention of the negligent act of a third person, over whom neither the plaintiff nor the defendant has any control, can be different in its effect or consequence in such case from the intervention therein of an accident having a like effect. The former no more than the latter breaks the causal connection of the negligence of the city or the village with the injury. The injured party can no more anticipate and guard against the one than the other, and the elements which constitute the negligence of the city or village must be precisely the same in each case; and we have accordingly held that where a party is injured by the concurring negligence of two different parties, each and both are liable, and they may be sued jointly or separately."

The case of Grand Trunk Ry. Co. v. Cummings, 106 U. S., 702, is in accord with the cases cited, and the court said: "If the negligence of the company contributed to it, it must necessarily have been an immediate cause of the accident,

and it is no defense, that another was likewise guilty of wrong."

Brown v. Coxe Bros. & Co., 75 Federal Rep., 689, is a well-considered and instructive case. It is alleged in that case that the plaintiff while employed on a steamboat was injured by the falling of a coal bucket operated by Coxe Bros. & Co., and that they were negligent in using defective machinery, and in operating it negligently, and that the plaintiff's employer, the steamboat owner, was negligent in not providing him a safe place to work and in not warning him of the danger. The court held that, as the alleged acts of negligence of Coxe Bros. & Co., and the steamboat owner, though distinct in themselves, concurred in producing the injury, their liability was joint as well as several.

In Bishop on Noncontract Law (section 518) it is stated that "the rule of law is that a person contributing to a tort, whether his fellow contributors are men, natural or other forces or things, is responsible for the whole, the same as though he had done all without help."

Wharton's Law of Negligence (section 395) says: "The comparative degrees in the culpability of the two will not affect the liability of either. If both were negligent in a manner contributing to the result, they are liable, jointly or severally."

While the alleged negligence of the corporate defendant in failing to supply the cars with necessary apparatus for the use of its servants employed in and about its business of operating the cars may have continued for days or weeks before the accident, still it existed at the moment of the acci-

dent, and concurred with the alleged negligence of its co-defendants in producing the injury.

It is freely admitted that one person is not liable for the effect of the negligent acts of another person (except in cases of agency, etc.), but when he is guilty of negligent acts which, together with the negligent acts of another, produce an injury, then he becomes jointly and severally liable for an injury produced. Hence, in a case when passengers are injured by a collision of trains of different companies, when the negligence of both co-operate to cause it, both are jointly and severally liable.

We can perceive no reason why an employer, who has been guilty of negligence in failing to discharge some duty imposed on him, and its agent has been guilty of a separate act of negligence, and both of these negligent acts concur in producing an injury, why both are not liable jointly and severally. Each must be regarded as having been the immediate cause of the accident which produced the injury. But one cause of action is stated in the petition.

Of course an employer or an agent can not be held liable for an injury to which he did not contribute by his own negligence.

We are of the opinion that the facts appearing in the bill of exceptions entitled the plaintiff to have his case submitted to a jury. As there is to be another trial, we forbear to comment upon the evidence.

The court can by proper instructions submit the questions of law that may arise from the evidence as to the respective liabilities of the several defendants.

The court erred in sustaining the motion to strike out the

parts of the petition in question and in giving the peremptory instruction to the jury to find for defendants.

The judgment is reversed, with directions that further proceedings conform to this opinion.