CASE 81.—ACTION BY MARY BEISER AGAINST THE TOWN OF CENTRAL COVINGTON FOR DAMAGES TO HER PROPERTY BY WATER, CAUSED BY THE IMPROPER CONSTRUCTION OF AN · ALLEY.— May 1.

## Town of Central Covington v. Beiser

Appeal from Kenton Circuit Court.

W. McD. Shaw, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Municpal Corporations—Local Improvemnts—Damages from Drains—Parties interested in the use of an alley placed a drainpipe therein. The city, subsequently improving the alley, left the pipe where it was found. Held, that the pipe became a part of the improvement, requiring the city to maintain the same and keep it open.

2. Limitation of Actions—Municipal Corporation—Drains—Obstruction—A city negligently permitted the drainpipe to become filled up causing the surface water to flow onto property abutting on the alley and injuring the same. Held, that limitations did not begin to run from the completion of the alley, but a recovery might be had for injuries received within five years prior to the institution of ·the action.

3. Municipal Corporations—Drains—Obstruction—Damages.—A city negligently permitted a drainpipe in an alley to become filled up causing surface water to flow onto land abutting on the alley, and injuring the same by damaging a stone wall of a house on the property. Held, that the owner was entitled to recover the actual damages sustained.

4. Same—Pleading—Proof—A petition in an action against a city alleged that plaintiff's property was injured in consequence of the city improving an alley and filling up a drainpipe therein. The proof showed that the drainage resulted from the filling up of the drainpipe. Held, that the proof supported the cause of action stated in the petition.

ORLANDO P. SCHMIDT for appellant.

B. F. GRAZIANA and JAMES P. TARVIN for appellee.

OPINION OF THE COURT BY JUDGE PAYNTER—
Reversing.

In May, 1895, Mrs. Vallandingham and her husband conveyed to appellee a lot in the Franklin subdivision in Central Covington, Ky., fronting twenty-three feet on the west side of Center street and extending up a hillside eighty-seven feet to an alley ten feet wide. Jackson street runs east and west from Center street to and beyond the alley. Prior to 1892 there was a gully extending from a point west of the alley down the hillside to Center street and passing over a lot adjoining and south of the appellee's lot. The board of trustees of Central Covington passed an ordinance providing for the improvement of the alley from the south line of Jackson street southwardly to John Wolfe's north line by grading and paving and providing that a gutter be constructed in the middle of the alley. The work seems to have been completed in 1893. It will be observed that the improvement of the alley was accomplished two years before the appellee purchased the property. At the time the alley was constructed there was a drainpipe which had been placed in the gully by persons interested in the use of the alley, and had been covered up so as to enable persons to drive over the alley at that point. The mouth of the drainpipe was on private property two feet above the alley and the lower end was on private property two feet below the alley. The evidence conduces to show that the pipe was sufficient to carry off the water which accumulated at that point

down the gully. When the city improved the alley the drainpipe was left where it was found. Shortly after the alley was constructed the drainpipe became stopped up, which prevented the flow of water through it, thus diverting the flow of the surface water across the alley, and onto the property of the appellee to her damage. The appellee instituted this action in 1902 by which she seeks to recover damages which she alleges she sustained by the overflow of her property by the water which accumulated near the mouth of the drainpipe, and by reason of it being stopped up.

The city seeks to avoid a recovery principally upon two grounds: (1) Because the mouth and lower end of the drainpipe were on private property and the city was not authorized or bound to keep it open as it was not placed there by the city, therefore; (2) that the action was based upon the theory that the construction of the alley caused the injury, and that it was a permanent structure, and that five years had elapsed since its completion before the institution of the action, and that the statute of limitation bars a recovery thereon. If the city, before the drainpipe had been placed there, had improved the alley and, in doing so, it filled up the gully and thus diverted the flow of the water onto and over appellee's premises and she had been thereby injured, she could have maintained an action against the city. Instead of the city finding an open gully when it began to improve the alley it found a drainpipe in the gully and the gully filled on the pipe. When it began to improve the alley it adopted the work which had been done by the interested parties and constructed the alley over the drainpipe, thus adopting and making it a part of the city's improvement of the alley. The drainpipe

thereby became as much a part of the improvement of the alley, as if the city had placed it there. Thereafter it was the duty of the city to maintain the drainpipe under the alley and to see that it was kept open. If the conditions with which it found itself confronted required that an opening should be made in the alley to clean out the pipe the city should have done so and not allowed it to become closed up and thus produce damages to the property of the appellee.

The construction of a street or alley is of a permanent character, and if negligently constructed and damage results to the property owner by reason of the improvement of the street, a cause of action arises upon the completion of the improvement for damages resulting therefrom. Hay v. City of Lexington, 114 Ky., 665, 71 S. W., 867, 24 Ky. Law Rep., 1495. The evidence conduces to show that there was no negligence in the construction of the alley, but tends to show that the sewer pipe was ample to carry off the water and avoid its diversion upon the property of appellee. The stopping up of the sewer is not necessarily a permanent and continuing nuisance. The expenditure of a small amount of labor and money would clean out the sewer and thus cause the water to flow through its natural channel. If there was no way to remedy the condition complained of, then the court would be inclined to hold that it was a permanent nuisance and there could be but one recovery for past damages sustained and probable future damages to be sustained. The evidence does not tend to show that it was the construction of the alley that diverted the flow of the surface water to the premises of appellee. If that had been true from a proper

construction of the alley, then the doctrine of the Orr Case, and similar cases would apply and the five-year statute of limitations would have barred a recovery. In view of the fact that the injury resulted from the negligence of the city in failing to keep the sewer open, the statute of limitation did not begin to run from the completion of the alley, but a recovery may be had for injuries received within five years prior to the institution of the action. The court's instruction on the next trial should conform to this view of the statute of limitations.

Instruction No. 4 reads as follows: "If the jury should find for the plaintiff the criterion of the damages should be the depreciation in the reasonable market value of said property caused by said injuries, if any, not exceeding $1,000." This instruction was predicated upon the idea that the nuisance resulting from the closing up of the sewer was of permanent nature, and the appellee was entitled to a recovery of the entire damages which had resulted in the past or would probably occur in the future, for the court allowed the jury to fix her damages by the depreciation in the market value of her property. The evidence tends to show that her house was actually damaged by the water flowing against and into part of it and so damaged a stone wall back of it that it became necessary to remove and rebuild it. She should be entitled to recover the actual damages to her property resulting from diverting the surface water from its natural channel upon her property.

Counsel for appellant urges that the appellee failed to make out her cause of action, because it was averred in substance in the petition as amended, that the injury resulted from the improvement of the

alley and the filling up of the drainpipe, when the proof tended to show that the damage resulted from the filling up of the drainpipe. We think counsel is in error in this contention. Although appellee may have failed to show that the manner of constructing the alley caused the damages, she did show that it was occasioned by allowing the drainpipe to become filled up.

The judgment is reversed for proceedings consistent with this opinion.