### City of Stanford v. Aldridge.

(Decided June 11, 1912.)

#### Appeal from Lincoln Circuit Court.

Municipal Corporations—Resident of Cannot be Compelled to Provide Drainage—City Must Provide a Way for Water to Escape.— A city has no right to compel one of its residents, at his own expense, to provide drainage for water conveyed to his premises by artificial means, but should be compelled at its own expense to provide a way for the water to escape.

J. B. PAXTON for appellant.

J. N. SAUNDERS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee is a citizen of Stanford, Kentucky, and the property upon which he resides fronts on Main street and extends back nearly to St. Asaph's creek. It seems from the testimony that appellee's property and that adjoining him on either side is, in somewhat of a depres-

sion. Appellee has owned the property where he resides for seven years. At the time he bought it, the earth had been raised to some extent, at the front and a pipe twelve inches in diameter, had been laid from the front, back to this creek for the purpose of conducting the water from Main street to the creek. For the last few years this pipe has been insufficient for that purpose and that part of the water collecting on Main street in front of his property which could not pass off through the pipe, passed beyond his house onto the property of others and damaging it; and the city brought this action against him to compel him to construct a sufficient passage for the water to the creek. The lower court refused to do this and dismissed the petition.

Without entering into an extended discussion of the facts, we deem it sufficient to say that the testimony shows that the city, in constructing streets and alleys for the town, has increased the flow of water to the sewer pipe of appellee; that the surface water from at least twenty-four acres of land is carried to this pipe that at one time had a natural drainage in some other direction; that at the time the pipe was constructed it was sufficient to and did drain about twenty acres of land, but that there is now more than twice that amount of drainage to that point.

The city has no right to compel appellee, at his own expense, to provide drainage for the water collected or conveyed to his property by artifical means. It should be compelled, at its own expense, to provide a way for the water to escape.

For this reason, the judgment of the lower court is affirmed.