## Cincinnati, New Orleans & Texas Pacific Railway Co. v. Martin.

(Decided June 12, 1913.)

## Appeal from Boyle Circuit Court.

1. Appeal—Law of the Case.—A holding by the court of Appeals that a verdict was flagrantly against the evidence, and that notwithstanding this fact there was sufficient evidence to take the case to the jury, is the law of the case, so long as the evidence is the same; and where such condition existed on the second trial it was the duty of the trial court, upon motion seasonably made, to set aside the verdict.

2. Trial—Improper Argument.—Comments by counsel in argument to the jury not supported by the record should be excluded from consideration by the jury, and in addition the jury should be told that the argument is improper. If the argument is prejudicial, a verdict obtained by counsel so offending should be set aside.

CHARLES H. RODES, JOHN GALVIN, NELSON D. RODES, and GEORGE E. STONE for appellant.

JOHN W. RAWLINGS, ROBERT HARDING and EMMET PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

This is the second appeal of this case. The former opinion will be found in 146 Ky., 260. In that opinion a detailed account of the facts upon which plaintiff based his cause of action and the defendant its defense is given, and it is unnecessary to restate them here.

The case was reversed upon two grounds: First, error in the admission of evidence; and second, because the verdict was flagrantly against the evidence. Upon the return of the case, a second trial was had, with the result that plaintiff recovered a verdict for a sum slightly less than that recovered on the first trial. The defendant appeals and assigns as grounds for reversal the following: First, error of the court in failing to give a peremptory instruction; second, error in refusing to set aside the verdict, because flagrantly against the evidence; third, misconduct of counsel for plaintiff in the argument of the case, to which objection was made and exceptions saved at the time; and fourth, because the verdict is excessive.

The evidence for appellee upon the last trial was, in no material respect, different from that offered upon the first trial. Indeed, it was the same. The evidence for the

appellant railroad company varied slightly, but the new points brought out in no wise strengthened appellee's case, on the contrary, it tended, if anything, to weaken it. Hence, we have a state of facts which, upon the former appeal, we said was not sufficient to support a verdict, and on this account the judgment was reversed. The fact that the case is again before us with a judgment in favor of appellee on the verdict of another jury adds nothing to the value of the evidence offered by appellee to prove his case. The verdict, upon the first trial, was flagrantly against the evidence; it is still so. Section 341 of the Civil Code provides: "Nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence." This is a prohibition on the right of the court to disturb a third verdict even though it may be flagrantly against the evidence; but there is no statute or rule of practice denying to this court, or to the trial court, the right to set aside a second verdict on the ground that it is flagrantly against the evidence. This principle was expressly recognized in L. & N .R. Co. v. Daniel, 131 Ky., 689. The trial court, upon motion seasonably made, should have set aside the verdict because flagrantly against the evidence.

There is no merit in the contention that a peremptory instruction should have been given. Upon the former appeal, it was held that, while the verdict was flagrantly against the evidence, there was sufficient evidence to take the case to the jury. That ruling is the law of the case so long as the evidence is the same; and it is conceded that this condition existed.

As the case must be retried, we find no necessity for passing upon the point that the verdict is excessive.

The argument of counsel objected to is the following statement: "Gentlemen of the jury, I will tell you how that freight train was pulled out of that tunnel. It was split in two and pulled out in two sections; the engine pulled the first half out and then came back and pulled the other half out; that is the only way that they could have done it." We fail to find any evidence in the record upon which such statement could be based, and counsel for appellee practically concede this and that it was merely a theory of his own. This line of argument was improper and prejudicial, and the court should have done more than merely state to the jury that they were to try the case according to the testimony. He should have expressly stated that it was not a proper line of argument

and that the jury must not consider it. A lawyer should be careful in the presentation of his case to confine himself to the facts brought out in the evidence and to reasonable deductions to be drawn therefrom. Beyond this limit he cannot go with safety, and where judgment is procured a lawyer, who has pursued an improper line of argument, should not be permitted to enjoy the fruits of victory thus obtained.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith.