## City of Dayton v. Rewald.

(Decided February 10, 1916.)

Appeal from Campbell Circuit Court.

1. Municipal Corporation—Abutting Owners—Streets—Reconstruction of Street—Measure of Damages.—An abutting property owner may recover damages of a city for the reconstruction of a street and sidewalk in front of his property; and the measure of damages if any is the difference between the market value of such property just before it became known that the reconstruction was to be made and the reasonable market value of the same after the reconstruction.

2. Municipal Corporations—Abutting Owners.—It is the duty of such property owner under a well settled principle of law to minimize the damages to his property if it can be done with a reasonable expenditure of money, but it is not error for the court to refuse an instruction upon this point when the evidence fails to show that the property owner could have reduced the damages by any effort in this regard.

KELLY & REGENSTEIN for appellant.

A. M. CALDWELL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, city of Dayton, is a city of the fourth class in this Commonwealth. Between the months of March and November, 1913, in accordance with an ordinance previously passed by its Board of Councilmen, it reconstructed Sixth Street in the corporate limits between Dayton Avenue and Berry Avenue; the reconstruction of it, among other things, consisted in the lowering of the grade of the street, as well as that of the sidewalks in front of the abutting property on either side from thirteen inches at the highest point, down to a level with the former existing street. The appellee,

Margaret Rewald, was at the time and when this suit was filed, the owner of a lot abutting upon the sidewalk on the south side of said street, upon which there stood a two and a half story brick building, flush to the street, which had been erected for something like 35 years. This building lacked about seven feet covering the entire front of appellee's lot and the remaining seven feet thereof was used as a walkway to get to the rear of the building. This walkway was made of concrete, as was also the walk in front of the lot. The appellee used the front part of the first story of the building, situated on the lot, as a furniture store and in the second story and attic of the building there was also merchandise stored. In the rear of the building the appellee with her family lived, her husband having died some years previous. Immediately in front of appellee's lot the grade of the street, as well as the sidewalk was lowered from thirteen to ten inches; and, claiming that the market value of her property had been damaged by this act of the city, the appellee filed this suit seeking to recover damages of it to the amount of $2,000.00. Upon a trial she was awarded by the jury a verdict for $800.00, upon which judgment was rendered, and appellant's motion for a new trial having been overruled, it prosecuted this appeal.

That a suit may be maintained against a city by an abutting property owner for the damages which might result from the excavation of a street in front of the property, there can be no doubt. The right of action is given by section 242 of the Constitution of Kentucky, and the right to maintain it has been decided by this court in an unbroken line of decisions from the time of the adoption of the Constitution. City of Henderson v. McClain, 19 R., 1450, 102 Ky., 402, 43 S. W., 700; Yates v. Big Sandy R. R., 28 R., 206, 89 S. W., 108; Pickerell v. City of Louisville, 125 Ky., 213, 30 R., 1239, 100 S. W., 873; City of Jephson, 21 R., 1028, 53 S. W., 1046; City v. Detweller, 20 R., 894, 47 S. W., 881; Barfield v. Gleason, 23 R., 128, 111 Ky., 491, 63 S. W., 964; and see notes to section 13; and R. & L. Turnpike Co. v. Madison County, 114 Ky., 351, 24 R., 1260, 70 S. W., 1044; Hay v. City of Lexington, 114 Ky., 655, 24 R., 1495, 71 S. W., 867; Henderson v. City, 132 Ky., 390, 33 R., 703, 111 S. W., 318; City v. Sauter, 149 Ky., 721, 149 S. W., 1029; Cassell v. Board of Council, 134 Ky., 103, 119 S. W., 788; Ewing v. City, 140 Ky., 726, 131 S. W., 1016; City of

Louisville v. Kaye, 122 Ky., 599; City of Lexington v. Chenault, 151 Ky., 774.

The answer in the first paragraph is a general denial of the allegations made in the petition, and in the second paragraph there was an effort made to plead, in general terms, what is claimed to be contributory negligence on behalf of appellee as the producing cause of the damage, if any, which she sustained by the acts complained of. It is not shown in the pleading in what the contributory negligence, if any, consisted. A demurrer was sustained to this second paragraph, and complaint is made on this appeal of this ruling of the trial court. This complaint is made upon the authority of the opinion in the case of City of Lexington v. Chenault, *supra,* wherein this court upon the question, said: "But the defendant was entitled to some instruction presenting its defense. It was the duty of the property holder to use ordinary care to protect the property and minimize the loss. On the whole case we conclude that a new trial should be granted." It is not shown by the opinion that the city presented its contention by a plea, or that it attempted to do so, but it offered an instruction upon that defense which was presented by the evidence upon the trial. The principal damage complained of in that case was that which was sustained by the building because of the foundation being weakened by having its lateral support taken away on account of the improvement to the street. The proof was to the effect that this damage could have been rendered insignificant, if not entirely prevented, by the construction of a retaining wall, which could have been done at comparatively little cost. Manifestly, the rule invoked should have been applied under such a state of facts. It is altogether different in the instant case. Here none of the damages complained of, or testified to, could have been prevented by anything which the appellee could have done. Without further comment, we conclude that there was no error committed by the court under the facts of this case in sustaining the demurrer to the second paragraph of the answer.

The record shows, that this lot before the improvements complained of, was elevated above the then existing sidewalk, something like two feet and, that, as it is now constructed the walk is three feet or more below the front entrance of the building, as well as being that much

below the front entrance of the concrete walk running to the rear of the building. It is contended by appellee that these newly made conditions render it necessary for her to construct two additional steps to enable customers and others desiring to enter into her building to do so, and that the same condition exists with reference to the walk along by the side of her building. She also claims that by removing the dirt in front of her building the lateral support of it was weakened, which caused a settling of the house to such an extent as to break a stone window sill under the front show window of the west side of the building. The necessity for the construction of the steps is admitted by the city, but it is claimed by it that the breaking of the window sill was not produced by anything that it did, but on the contrary, it contends that the sill was broken before the reconstruction of the street or the sidewalk. In regard to this, it is sufficient to say that there is a contrariety of evidence upon this point making an issue eminently proper for determination by a jury. The measure of damages in actions like this is the difference between the market value of the property just before it became known that the work was to be done, and its market value after the work shall have been done. See cases *supra.*

It is insisted by appellant that this rule for the measurement of damages was violated in the trial of this case because the court permitted the appellee and her son, and perhaps another witness, to testify about the loss of customers in her business as a furniture dealer, growing out of the increased difficulty, or inconvenience, of entering into the store, produced by the increased number of steps; and further, that another witness in giving his reason for the decreased valuation of the property by reason of the work, was permitted to state the probable cost of lowering the floor of the building to its relative height to the new sidewalk which it had with reference to the old sidewalk. Upon an examination of the record, however, it will be found that much of this testimony was not objected to; on the contrary, whenever an objection was entered it was sustained, and the court in the presence of the jury and on several occasions stated the rule as to the correct measure of damages as hereinbefore stated. Indeed, the testimony of the witnesses as to the cost of adjusting the building to the present sidewalk was brought out by attorney of ap-

pellant upon cross-examination. The appellee had a right to show by her proof the condition of the building as it was left after the improvement and what would be necessary to arrange it so that it could be used at all, 'and what would be its condition after complying with those necessities. See City of Lexington v. Chenault, *supra.* Nothing more than this was done, and under the facts as we have above recited, we find no error of the court, at least none prejudicial to the substantial rights of appellant, in the admission or rejection of testimony. The instructions in very apt terms submitted the correct rule for the measure of damages, applicable to the rights of the parties in suits like this as announced by this court in the cases, *supra,* and there is no cause for reversal, growing out of any supposed failure of the court to properly instruct the jury.

It is shown that the appellee constructed a retaining wall across the seven feet space of the front of her lot occupied by her concrete walk to the rear of the house, and that this cost $2.80, which was paid by appellee. It is also claimed that the additional concrete steps above mentioned, and rendered necessary, could have been constructed at a cost of $5.00, and it is therefore insisted that these items amounting to $7.80 are all of the damages to which appellee is entitled. The error of the appellant in this regard is so glaringly apparent that a mere statement of the proposition is self-refuting. From what has been stated, it is manifest that the damage to this property is mainly, if not entirely, the additional inconvenience to the owner as well as the public, in entering into or going away from the premises, augmented by the damage of the crack in the window sill if the reconstruction produced it, which, if done at all, was before the work was completed. It is equally manifest that the only way which such inconveniences can be obviated is by elevating the walk or lowering the building. The first, the appellee cannot do without the consent of appellant; and the second she does not have to do; however, if she did, it would be at a cost much greater than the verdict in this case. Many witnesses testified for appellee in regard to the damage to her property because of the improvement. They placed the difference in the market value of the property, within the limitation of the rule hereinbefore mentioned, at from $500.00 to $2,000.00 less than its value before it was known that

the improvements were to be made. A less number of witnesses, but equally positive, testified that the property was not decreased in value because of the improvements, but that it was increased from $1,000.00 to $2,000.00. This testimony made a sharp contradiction in the evidence upon this issue of fact, and is one for which a jury is impaneled to try. Under appropriate instructions they returned a verdict for appellee. They were fully authorized to do so under the evidence, and we fail to find any error prejudicial to the substantial rights of the appellant.

The judgment is affirmed.