## Jesse v. Slaughter.

(Decided October 28, 1924.)

### Appeal from Pike Circuit Court.

1. Partnership—Settlement is Exclusively Cognizable in Equity.—Settlement of partnership affairs is exclusively cognizable in equity.

2. Partnership—Partner May Not Sue Copartner at Law Before Settlement of Partnership Business.—Generally speaking, a partner may not sue copartner at law on claim growing out of partnership transaction before settlement of partnership business.

3. Trial—Defendant Entitled to Transfer of Cause to Equity where Answer Alleged Partnership and Prayed Accounting.—In action against partners for services rendered, where one defendant answered and alleged that there was partnership between plaintiff and both defendants and praying for accounting, he was entitled to transfer to equity docket under Civil Code of Practice, section 11.

4. Trial—Right of Plaintiff to Trial of Common Law Remedies Not to be Delayed by Reason of Equitable Use and Motion for Transfer.—Under Civil Code of Practice, section 11, though answer entitles defendant to transfer of case to equity docket, plaintiff has right to have issues out of chancery for trial of her common law remedies, which should not be delayed by reason of transfer, and defendant, not insisting on court passing on motion for transfer, cannot complain of its action in submitting issues to jury before transfer.

5. Continuance—Court Held to have Erred in Denying Continuance.—It appearing that defendant and his attorney were under impression that order of transfer to equity had been made, and were not anticipating trial at time it occurred and were taken by surprise and had a good defense, held, that court erred in denying continuance.

STRATTON & STEPHENSON for appellant.

PICKLESEIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS.—Reversing.

Mrs. Ida Slaughter sued her husband, C. C. Slaughter, and W. A. Jesse in the Pike circuit court, alleging that the two defendants were partners in the ownership and conduct of the Cumberland cafe, in the city of Elkhorn; that on August 1, 1920, they employed her to assist in the operation of the cafe at an agreed salary of $100.00 per month, which was in February, 1921, reduced to $75.00; that beginning August 1, 1920, she performed services for a period of over twelve months, the amount of her salary being $1,190.00, and that they had paid her the sum of $420.00, leaving a balance due of $770.00. It was further charged that the defendant Jesse had made a pretended sale of the property. Grounds of attachment were set out and the defendants proceeded against as nonresidents.

The petition was filed in September, 1921, and at the January, 1922, term Jesse filed an answer, traversing the allegations of the petition, except it is admitted that plaintiff worked at the cafe on a salary, but denying that the salary was in excess of $60.00 per month, prior to February 1, 1921, or more than $—— after that date, or that anything was due her. The second paragraph of the pleading was made a counterclaim against plaintiff and her husband. In this it was alleged that the three were partners in the business, he owning one-half and the plaintiff and her husband one-fourth each; that she and her husband had controlled and had disposition of the business and the funds arising from its operation, and that there had been no accounting thereof; that it was necessary to have a settlement of the partnership affairs in order to adjust their business, and praying for a reference to the master commissioner and a settlement of the partnership accounts, and an adjustment of the equities between the parties.

The affirmative matter in the answer was controverted by reply, and no further steps taken until the December, 1922, term of court, when it was called on the common law docket for trial.

The defendant was not present at the time and his attorney moved a transfer of the action to the equity docket; this was overruled and exceptions taken, and thereupon the attorney moved for a continuance or postponement, and filed his own affidavit in support thereof,

in which he referred to the matters set out in the answer, and stated that he was under the impression that the case had been transferred, and had so informed his client, and that he believed that the latter was absent for that reason. He further alleged that plaintiff's husband, the other defendant, was a nonresident, and that the plaintiff was seeking to collect from this defendant to the exclusion of her husband; that there were other debts against the partnership, and it was a case in which a settlement was necessary to adjust the equities between the parties, but that if given until the following Monday he could have his client present, should the court hold a jury trial.

This motion was overruled with exceptions, a jury was impaneled and sworn, plaintiff's evidence heard, and the jury returned a directed verdict in favor of plaintiff for the amount claimed. Later a motion was made for a new trial, supported by affidavits of defendant and his attorney.

The affidavit of the attorney reiterated the matters above stated; that of the defendant included those matters and set up a number of facts, which, if true, not only only authorized a reference to the master commissioner for settlement, but set out a good defense to the entire action, and showed that he was taken by surprise at the case being called on the common law docket for trial. This was also overruled and defendant appeals.

Section 11 of the Civil Code provides:

"In an ordinary action properly commenced as such . . . either party may by motion have the case transferred to the equity docket for the trial of any issue which before the said day (August 1, 1851) was exclusively cognizable in chancery." Subsection 2. "If there be an issue which is not cognizable in chancery, and an issue which was exclusively cognizable in chancery before the said day, the plaintiff may have the former issue tried before the latter is disposed of." Subsection 3.

A settlement of partnership affairs is exclusively cognizable in equity, and generally speaking, a partner may not sue a co-partner at law on a claim growing out of a partnership transaction before the settlement of the partnership business. Coulson v. Feree, 27 Rep. 451; Stone v. Mattingly, 14 Rep. 113; Lawrence v. Clark, 9 Dana 257; Kelley v. Ramsey, 176 Ky. 584.

Under these authorities and the Code provisions, *supra,* the allegations of the answer entitled the defendant to a transfer of the case to the equity docket, with the right to plaintiff to have issues out of chancery for trial of her common law remedies, this right not to be delayed by reason of the transfer. In view of the fact that the defendant did not insist on the court passing on his motion for transfer, he is hardly in a position to complain of the action of the court in submitting those issues to a jury before a transfer was made.

The plaintiff was entitled to a hearing of them, and it was not material as to whether such hearing preceded or followed the order of transfer. It does appear, however, from the uncontradicted affidavits filed, that defendant and his attorney were under the impression that an order of transfer had been made, and were not anticipating a trial at the time it occurred and were taken by surprise.

Also, the affidavits, if true, show a good defense to the action. Perhaps defendant and his counsel were not as diligent as they should have been, but under all the circumstances we have reached the conclusion that the court should have postponed the trial for a reasonable time in order that defendant might be notified and given an opportunity to appear, and that it was error to overrule the motion to that effect.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.