## Town of Wingo et al. v. Rhodes.

(Decided March 18, 1930.)

386

HOLIFIELD & GARDNER and ROBBINS & SMITH for appellants.

MARTIN & BOAZ for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

B. A. Rhodes instituted an action against the town of Wingo and T. M. Ashlock to recover damages for alleged trespass and wrongful injury to his property. The grounds of the action were that the defendant had taken some of his land and had obstructed his ingress and egress to and from a business building. There was also set up in the petition a claim for damages caused by the diversion of surface water into the building, resulting in injury to personal property therein. The case was tried twice, the final result being a verdict in favor of the town as to taking of plaintiff's property and as to the obstruction of his access to his building. The ver-

dict was for the plaintiff as to the damages done by water, $250 being allowed for one year and $300 for another year. The defendants have prosecuted an appeal. The individual defendant was the agent of the town in performing the work which was the alleged cause of the injury.

The record is very large and many questions are argued. The contention that the verdict is contrary to the evidence is without basis in the record. Each party introduced more than two score witnesses in chief and almost a score each in rebuttal. The evidence was in sharp conflict but there was abundant testimony to authorize the finding that the town was negligent in the diversion of surface water from an alley into plaintiff's building. Where a conflict in the evidence appears, the verdict of a properly instructed jury is conclusive. Norton Coal Mining Co. v. Wilkey, 232 Ky. 539, 23 S. W. (2d) 942.

There is a complaint that the trial court abused its discretion in refusing to allow appellants to introduce some additional testimony after the case was closed. The offered testimony was to the effect that the water in plaintiff's building did not enter from the street, but came in because of a defective roof. There was testimony to that effect already in the record, and it does not appear that the action of the court could have had any material effect on the trial. It was a matter resting in the judicial discretion of the trial court which will not be revised unless palpably abused. Louisville & N. R. Co. v. Board, 90 S. W. 944, 28 Ky. Law Rep. 921; Louisville & N. R. Co. v. Jolly's Adm'x (Ky.) 23 S. W. (2d) 564.

An attorney for the plaintiff, in his argument to the jury, intimated that one of the attorneys then appearing for defendants had been a witness for plaintiff on a previous trial of the case. He commented also upon the apparent amount of money the town was spending for counsel in defending the case, and suggested that it would have been better and more economical for the town to have remedied the conditions complained of by plaintiff. There was also a reference to certain attorneys for the town having tried a similar case for a plaintiff against a railroad company, thereby taking inconsistent positions. These matters were wholly irrelevant and immaterial and might well have been omitted, but there was nothing of sufficient substance to prejudice the rights of appellant.

The jury obviously was not inflamed, since the damage awarded was meager and far below the amount which the proof tended to show. An improper argument requires a reversal only when it is so prejudicial in character as to result in injustice or deprives a party of a fair and impartial trial. Wells v. King, 219 Ky. 201, 292 S. W. 777; Cincinnati, N. O. & T. P. R. Co. v. Martin, 154 Ky. 348, 157 S. W. 710; Standard Sanitary Mfg. Co. v. Brian, 224 Ky. 419, 6 S. W. (2d) 491.

The court did not err in overruling appellant's motion for an election between the causes of action asserted by plaintiff. There was no inconsistency in the positions taken by plaintiff. The causes of action consisted of separate and distinct injuries to the same property by the same parties, and it was proper to join them in a single action. Civil Code of Practice, sec. 83. Two or more defendants may be joined in an action if they cooperated in committing the alleged wrong. Pugh v. Chesapeake & O. Ry. Co., 101 Ky. 77, 39 S. W. 695, 19 Ky. Law Rep. 149, 72 Am. St. Rep. 392; Cumberland T. & T. Co. v. Ware, 115 Ky. 581, 74 S. W. 289, 24 Ky. Law Rep. 2519; Louisville & N. R. Co. v. Adams, 148 Ky. 513, 147 S. W. 384. The amended petition seeking an abatement of the nuisance set up a ground for equitable relief and was properly transferred to equity, but the plaintiff was entitled to have the legal issue respecting damages to his property tried by a jury. Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560; Winchester v. Watson, 169 Ky. 213, 183 S. W. 483.

It is argued that it was error to try the damage case after the amended petition was filed and before the equitable action had matured. The contention is without merit. No judgment was rendered in the equitable action and the question of premature submission is not presented. Civil Code of Practice, sec. 11, subsec. 3; Jesse v. Slaughter, 205 Ky. 271, 265 S. W. 783.

It is said that the court erred in giving and refusing instructions. In so far as the complaint is addressed to instructions respecting the damage to the property other than by surface water, it may be passed without comment, since the jury found for the appellant respecting that claim. In so far as it concerns the other claims, it has no basis in the record, since no error in the instructions regarding the diversion of water is apparent. The court did not put on the town any greater duty than that imposed by law. The liability of the town was made to

depend entirely upon a finding that it had negligently diverted the natural flow of surface water accumulating from ordinary rainfalls to the injury of plaintiff's property. It is right and proper, indeed commendable, for the town to make improvements. But in doing so ordinary care must be exercised to prevent wrongful injury to the property owners and to protect their rights. City of Louisville v. Knighton, 100 S. W. 228, 90 Ky. Law Rep. 1037, 8 L. R. A. (N. S.) 478; Town of Central Covington v. Beiser, 122 Ky. 715, 92 S. W. 973, 29 Ky. Law Rep. 261; City of Madisonville v. Hardman, 92 S. W. 930, 29 Ky. Law Rep. 253; City of Stanford v. Alridge, 148 Ky. 848, 147 S. W. 749.

Argument is advanced to the effect that the contributory negligence of the appellee was sufficient to defeat his action entirely, or at least to diminish the damages. There was testimony to the effect that the appellee could, at reasonable expense, have reduced or even avoided the damages to his property. The question was one for the jury and was submitted to that tribunal by proper instructions. The verdict is fully supported by the evidence, and, in such case, we are not authorized to interfere. City of Lexington v. Chenault, 151 Ky. 774, 152 S. W. 939, 44 L. R. A. (N. S.) 301; City of Dayton v. Rewald, 168 Ky. 398, 182 S. W. 931; Johnson v. Ratliff, 233 Ky. 187, 25 S. W. (2d) 355. It is manifest from the record that the appellants were accorded a fair trial, and the grounds urged for a reversal of the result are lacking in that substantial character required for that purpose by express provision of the Civil Code of Practice (section 756, note 4a).

The judgment is affirmed.