CITY of FRANKFORT, Appellant,

v.

Aaron BYRNS and Cathy Byrns, Joseph Finger and Ruby Finger, Paul Finger and Lenore Finger, Bobby Haddock and Bess Haddock, Mike Mulligan and Judy Mulligan, and Stephen F. Wheeler and Diane W. Wheeler, Appellees.

No. 90–CA–000914–MR.

Court of Appeals of Kentucky.

Oct. 25, 1991.

William C. Shouse, Donald W. Stanford, Lexington, for appellant.

Stuart E. Alexander III, Donald H. Balleisen, Louisville, for appellees.

Before DYCHE, EMBERTON and SCHRODER, JJ.

EMBERTON, Judge.

This is an appeal from a judgment for the appellees, plaintiffs below, in an action in negligence. Specifically, a jury determined that the appellant, City of Frankfort,

had been negligent in designing and building a storm water system, and as a result of such negligence, the property of the appellees was damaged. On appeal, the principal issues are whether the trial court clearly erred in (1) not directing a verdict for the appellant in that all its actions were discretionary and thus, clothed with immunity, KRS 65.2001(2); KRS 65.2003; and (2) allowing the appellees' expert to introduce evidence on rebuttal.

The substantive facts giving rise to this appeal are that the appellees, Aaron and Cathy Byrns, et al., are, or have been, property owners of homes located in the Westgate Subdivision in the City of Frankfort. Several times during the late 1970's, the properties in question incurred flooding when the existing drainage ditch overflowed its banks after rainfall. In September of 1979, the drainage ditch overflowed to such an extent that it entered the homes of the appellees, causing extensive damage.

As a result of this flooding, the city established a moratorium on new home construction in the area, which included the Westgate Subdivision. And, although the moratorium was subsequently lifted in 1980, the City Commission elected to enlarge the capacity of its existing drainage system appropriating approximately $1,000,000 for the project. Notwithstanding the subsequent changes to the system, more flooding and more resulting damage occurred to the appellees' property in July, 1986. This litigation resulted.

The appellees filed this action, alleging negligence with respect to the installation, design and maintenance of the drainage system serving Westgate. Additionally, they alleged that the city was negligent in allowing excessive commercial and residential development in the area without providing adequate provisions for proper drainage. In an amended complaint the appellees alleged that the flooding of their property deprived them of its use, and therefore, constituted an unjust taking in violation of Section 242 of the Kentucky Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. A jury subsequently found for the appellees on the basis that the city was negligent in both the design and construction of the drainage system and awarded them damages in the amount of $171,397. The trial court overruled the city's motion for judgment notwithstanding the verdict or, in the alternative, a new trial. It is from the trial court's judgment that the city now appeals.

The threshold issue presented to this court is whether the city, in designing and constructing the drainage system in question, acted in a purely discretionary capacity, and therefore, acted with immunity from liability for negligence on its part. Subsequent to the decision of the court in *Gas Service Co., Inc. v. City of London*, Ky., 687 S.W.2d 144 (1985), a decision significantly restricting the doctrine of immunity for municipalities, the legislature enacted KRS 65.2001 through KRS 65.2006. KRS 65.2001(3) affirms the validity of all existing statutory and case law involving actions in tort against local governments. Nevertheless, KRS 65.2003 sets forth areas in which a claim against a local government is to be disallowed. The statute states in part:

Notwithstanding KRS 65.2001, a local government shall not be liable for injuries or losses resulting from:

.        .        .        .        .

(3) Any claim arising from the exercise of judicial, quasi-judicial, legislative or quasi-legislative authority or others, exercise of judgment or discretion vested in the local government, which shall include by example, but not be limited to: (a) The adoption or failure to adopt any ordinance, resolution, order, regulation, or rule; (b) The failure to enforce any law; (c) The issuance, denial, suspension, revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization; (d) The exercise of discretion when in the face of competing demands, the local government determines whether and how to utilize or apply existing resources; or (e) Failure to make an inspection.

Nothing contained in this subsection shall be construed to exempt a local government from liability for negligence arising out of acts or omissions of its employees in carrying out their ministerial duties.

Under the language of KRS 65.2003(3), the question of a city's liability hinges on a determination of whether the city acts within its discretionary authority, including a judicial, quasi-judicial, legislative or quasi-legislative authority or, in a simple ministerial role. Here, the city argues that the design and construction of the drainage system, as well as the decision to construct it were purely discretionary. Conversely, the appellees argues that although the decision to construct the system was under a discretionary decision, all actions performed by the city in designing the system and in constructing it were ministerial. Therefore, it should be liable for any resulting negligence. *See, Town of Wingo v. Rhodes,* 234 Ky. 385, 28 S.W.2d 465 (1930).

Apparently no court in this jurisdiction has construed the language of KRS 65.-2003 as it relates to what is discretionary and what is ministerial. Nevertheless, this court determines that on the basis of the court's language and rationale in *City of London, supra,* the actions of the appellant were ministerial in nature and therefore, not clothed with immunity.

In *City of London, supra,* the court reaffirmed the principles of its landmark decision of *Haney v. City of Lexington,* Ky., 386 S.W.2d 738 (1964), which severely restricted the rule of immunity for municipalities. In so doing, it emphasized again the line of prior decisions which held cities liable for negligence, including negligence for defective conditions of city sewer facilities. *See, City of Frankfort v. Buttimer,* 146 Ky. 815, 143 S.W. 410 (1912); *Town of Central Covington v. Beiser,* 122 Ky. 715, 92 S.W. 973 (1906). The court stated that in simple terms the rule for local governments is a rule of liability; the exception is immunity. In so doing, it restricted immunity to situations in which the municipality acts in a judicial or legislative function or in a quasi-judicial or quasi-legislative func-

tion. It specifically overruled the ruling of *City of Louisville v. Louisville Seed Company,* Ky., 433 S.W.2d 638 (1968), which held that the City of Louisville was immune from liability to install flood gates in the municipal flood wall system.

Once the City of Frankfort made a decision to design and construct the system in question, a decision which was within its discretionary capacity, its subsequent actions in designing and building the system were ministerial. In *Town of Wingo, supra,* the court held that although it is right and commendable for a town to make improvements, the town must exercise ordinary care "to prevent wrongful injury to the property owners and to protect their rights." 234 Ky. at 389, 28 S.W.2d 465. Similarly in *Board of Trustees of Town of Auburn v. Chyle,* 256 Ky. 283, 75 S.W.2d 1039 (1934), the court restated the principle that "when a municipality determines to change the natural order of things, by altering the surface drainage, and collecting it into artificial channels, it cannot fail to use ordinary good judgment in adopting the plan of the work, without liability to any person injured thereby." 256 Ky. at 285, 286, 75 S.W.2d 1039. The decision of the court in *Louisville Metro Sewer Dist. v. Simpson,* Ky., 730 S.W.2d 939 (1987), which seemed to retreat from a limitation on a doctrine of municipal immunity, is distinguishable. There, the entity involved, the Louisville and Jefferson County Metropolitan Sewer District, was an arm of the county, a political subdivision within the state, and therefore, clothed with sovereign immunity.

In his concurring opinion to *City of London, supra,* Justice Wintersheimer attempted to define and distinguish between an action which is discretionary and one which is a ministerial: He states in part:

In general it must be recognized that there are certain discretionary acts related to the formulation of public activity and public policy.

A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines how or whether to utilize or apply existing

resources. Nothing in such a statute should exonerate the public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial function....

Justice Wintersheimer then cites New Jersey Statutes, Annotated, Section 59:2–3(d). The historical notes to the New Jersey statute cited by Justice Wintersheimer attempts to define decisions which are discretionary in nature as opposed to those which are ministerial. Examples of discretionary decisions are whether a local government will provide resources or appropriations for personnel or other facilities or equipment. Yet, once the resources are appropriated and a decision is made, a local government may incur liability in carrying out its actions. In accord with this language, Justice Wintersheimer concluded:

> Essentially, such discretionary acts have been defined in the statutes as those acts involved in the formulation of policy while ministerial acts have been defined

as those related to the execution or implementation of policy. *See Rieser v. District of Columbia*, 563 F.2d 462 (D.C.Cir.1977).

Here, we cannot say that the trial court erred in submitting the issue of negligence to the jury. The jury found that the appellant was negligent and awarded the appellees damages accordingly. Furthermore, we cannot say that the trial court erred in admitting the rebuttal evidence offered by the appellees into evidence.

The judgement below is affirmed.

All concur.