## Board of Councilmen of City of Frankfort v. Jennie Buttimer.
## Board of Councilmen of City of Frankfort v. Mary Julia Buttimer.

(Decided February 16, 1912.)

## Appeal from Franklin Circuit Court.

1. Municipal Corporations—Notice of Obstructions in Street.—The rule that a municipality is not liable for injuries caused by an obstruction in its street, unless it knew, or by the exercise of ordinary care could have known, of the existence of the obstruction, does not apply where the servants of the municipality created the obstruction.

2. Pleadings—Variance.—Where a petition stated that plaintiff's cellar had been flooded with stagnant water and filth from an adjoining pond, which had been drained into the street, and the proof showed that the flooding was probably caused, in part at least, by a servant of the city attaching a hose to a fire plug and attempting to clear a catch-basin of obstructions, by forcing into it water from the fire plug, thereby aiding in the overflow of both the stagnant water and the fresh water, there was not such a departure from the allegations of the petition that amounted to a variance.

3. Negligence.—Where the evidence shows that the flooding of the cellar of a house adjoining the street was caused by the servant of the city turning water into an obstructed catch-basin by means of a hose attached to a fire plug, for the purpose of clearing the catch-basin of obstructions, the rule that a municipality is not liable if its catch-basins and sewers are large enough to carry off the usual volume of water that might gather in the immediate neighborhood, has no application, since the evidence shows that the overflow was caused by an affirmative act of negligence upon the part of the servant of the city.

4. New Trial.—Where the defendant offered an instruction, which

was refused, and an exception was taken to the ruling of the court, but this ruling was not assigned as a ground for a new trial in the motion for a new trial, the question raised by the rejected instruction is not before this court for review.

5. Damages—When Not Excessive.—Where it appears that the plaintiff was put to great expense for physicians' bills, and suffered greatly from a long continued illness, with a probable permanent impairment of health, a verdict of $800.00 for plaintiff is not flagrantly against the weight of the evidence, and is not excessive.

F. M. DAILEY for appellant.

B. G. WILLIAMS and LESLIE W. MORRIS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Mrs. James Buttimer, the mother and guardian of the appellees, Jennie and Mary Julia Buttimer, owns the house in which they reside at the corner of Todd and Logan streets in Frankfort. In April, 1909, the appellant undertook to drain a stagnant pond located upon the Dunnigan lot, which lies immediately across the street from Mrs. Buttimer's lot, by carrying the water from the pond into the catch-basin at the street corner, and in so doing it left dirt and other material piled in the street, which was washed into and obstructed the catch-basin to such an extent that the water flooded the cellar of Mrs. Buttimer's house. The cellar was six feet deep, and was entirely filled with water, which remained there for quite a while. She notified the Mayor, and he sent a city employee to Mrs. Buttimer's property for the purpose of seeing what was to be done, but nothing substantial was done. In August Mrs. Buttimer's two children, Jennie aged 16, and Mary Julia aged 13, became sick. Jennie was afflicted with neurasthenia, accompanied by a loss of flesh, and anemic conditions, while Julia suffered from August until October or later, with malarial fever, which left her with a shortened limb. The mud and water and decayed material remained in the cellar from April until August. The house was made unfit for occupation, and disagreeable and musty odors from the cellar permeated through the entire building. The two children, Jennie and Mary Julia, brought these two actions by their guardian, against the city for damages. The cases were heard upon the same evidence, and plaintiffs recovered verdicts for $800.00 and $300.00 respectively. The city appeals in each case.

1. Appellant demurred to the petition for the reason

that it failed to allege that the city had notice of the negligence which consisted in leaving the dirt, or digging the trench in such a way as to cause the obstruction of the sewer, and the overflow of the cellar. The petition, however, alleges that the city did these acts; that it dug the trench and left the dirt; and, that being true, it necessarily had knowledge of those acts. This is not a case where some person other than the city obstructs the street in such a way as to cause injury and damage to third persons. It is well settled that a city is not liable for injuries caused by an obstruction in its street unless it knew, or by the exercise of ordinary care could have known, of the existence of the obstruction. Hazelrigg v. The Board of Council, 29 Ky. L. R., 207; 92 S. W., 584; City of Harrodsburg v. Sallee, 142 Ky., 830. But this principle is not applicable to the case at bar, for the reason that the obstruction was caused by the city itself, and it therefore necessarily had actual notice of the obstruction.

2. Appellant further contends that there was a variance in the proof to such an extent that it did not sustain the cause of action alleged in the petition. Shortly after the first trouble with the catch-basin, appellant undertook to open it by forcing water into it by means of a hose attached to the water plug, but did not succeed in opening it. On the contrary, this effort merely added to the volume of water; and it is contended by appellant that the overflow was made by the water from the plug, and not from the dirty pond, as alleged in the petition. There is some evidence to sustain this claim in part, although the jury were fully warranted in concluding that the house was flooded from both causes. The water having been drained from the pond, it naturally collected around the obstructed catch-basin; and when appellant added fresh water to that collected around the catch-basin, thereby causing the overflow, if it did so cause it, it was doubtless true that the overflow of water that went into the cellar contained the dirty water from the pond. Under these circumstances the proof did not show a substantial variance from the cause of action set up in the petition. Civil Code, Secs. 129, 130 and 131.

3. It is further insisted that since there is no complaint of any defect in the sewer or catch-basin, as to whether it was defective, or not large enough to carry off the usual volume of water that might gather in the

immediate neighborhood, the city is not responsible, if the overflow was caused by ordinary rains and the collection of water in the usual course of events. It is shown, however, that the city's work-house keeper, by the use of hose, turned the water from the water plug into the obstructed catch-basin, and thereby added, if he did not cause, the overflow. This was an affirmative act of negligence for which the city clearly was liable.

4. There is no complaint made of the instructions given by the court. It is insisted, however, that it was the duty of Mrs. Buttimer, as the guardian of the plaintiffs, to use ordinary care to prevent the injuries to her wards resulting from the failure of the defendant to remove the water from her cellar, and that the plaintiffs could not recover for any injuries aggravated by her failure to do so. This question is not before us; for, although appellant offered an instruction to that effect, and took an exception to the ruling of the court, which refused to give the instruction, it did not assign that failure as a ground for a new trial. Acme Mills & Elevator Co. v. Rives, 141 Ky., 783.

5. In answer to the contention that the damages are excessive, and not sustained by the evidence, it is sufficient to say that the appellees not only were put to great expense for physicians' bills and otherwise, but they suffered greatly from their long continued sickness, and their health has not yet been restored. The jury was the judge of the extent of the injuries, and the amount of damages to be awarded therefor; and from these records we are not prepared to say that their respective findings are flagrantly against the weight of the evidence.

Judgments affirmed with damages.