Irene Buckley **HEMPEL**, Appellant,

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT**, Appellee.

Court of Appeals of Kentucky.

Sept. 10, 1982.

Discretionary Review Denied
Nov. 17, 1982.

William C. Jacobs, Lexington, for appellant.

Ralph F. Kessinger, Lexington, for appellee.

Before HOGGE, McDONALD and VANCE, JJ.

VANCE, Judge.

The question is whether an urban county government has sovereign immunity or municipal immunity for tort damage caused by the back-up of a sanitary sewer which flooded appellant's basement which was allegedly due to negligence in maintenance of the sewer system. Appellant filed suit against the urban county government and the court granted the summary judgment on the grounds that the maintenance of a sewer system was an ultimate function of government and the appellant had not been sought out and dealt with by appellee on an individual basis. Therefore, the court reasoned, the appellee was immune from liability in this case.

Appellant now argues this ruling was in error because of earlier cases, not overruled, which imposed liability upon municipalities for improper maintenance of sanitary sewers. *Town of Central Covington v. Beiser,* 122 Ky. 715, 92 S.W. 973 (1906); *Toebbe v. City of Covington,* 145 Ky. 763, 141 S.W. 421 (1911); *City of Frankfort v. Buttimer,* 146 Ky. 815, 143 S.W. 410 (1912).

The court's final judgment refers to the appellee at points as the "city". An urban county government, however, is not a city. KRS 67A.010, et seq., establishes the statutory authority for the urban county government.

In *Holsclaw v. Stevens,* Ky., 507 S.W.2d 462, the court stated:

Counties are basic subdivisions of the Commonwealth. They too may be abolished by the General Assembly (Section 63 of the Constitution) but in that event the territory comprising the county must be added to an adjoining county or counties. Fayette County has not been abolished. It remains as a geographic entity which shall hereafter be governed locally by urban county government. *Id.* 475

This position was reiterated in *Jacobs v. Lexington-Fayette Urban County Government,* Ky., 560 S.W.2d 10 (1978).

In *Holsclaw, supra* we held that the Lexington-Fayette Urban County Government is not a city, that the City of Lexington ceased to exist on the day on which urban county government became effective and that Fayette County remained as a geographical subdivision governed by a new creature, urban county government. *Id.* 12

The sovereign immunity of the state is clearly recognized in the Kentucky Constitution, Section 231, which provides:

The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth.

The county is a political subdivision of the state and is clothed with immunity from tort liability. *Cullinan v. Jefferson Co.,* Ky., 418 S.W.2d 407 (1967); *Moores v. Fayette Co.,* Ky. 418 S.W.2d 412 (1967). Pursuant to KRS 67A.060(1) urban county government retains the immunities of county government. It is, like a county government, an arm of the state entitled to the protective cloak of sovereign immunity. The case should have been dismissed upon that ground.

Municipal liability for tort has a checkered history. Early cases did not recognize immunity for municipal corporations. *Prather v. City of Lexington,* 52 Ky. (13 B. Monroe) 559 (1852). Immunity, in Kentucky, became a well established doctrine, however, until 1964 when *Haney v. City of Lexington,* Ky., 386 S.W.2d 738 (1964) abolished municipal immunity. Since *Haney,* however, municipalities have been relieved from tort liability for negligence arising from an ultimate function of government where the injured person had not been dealt with on an individual basis, *City of Louisville v. Louisville Seed Co.,* Ky., 433 S.W.2d 638 (1968) and where the city owed no duty to the person injured, *Frankfort Variety, Inc., v. City of Frankfort,* Ky., 552 S.W.2d 653 (1977).

In *Carmichael v. Lexington-Fayette Urban County Government,* Ky.App., 608 S.W.2d 66 (1980) summary judgment for the government was upheld in a case involving allegedly negligent testing of sewer lines. The issue of sovereign immunity was not considered but the rationale of *Carmichael, Louisville Seed Co., supra,* and *Frankfort Variety, Inc., supra,* have so altered the doctrines relating to municipal tort liability as to preclude recovery in this case even if the urban county government were not entitled to invoke sovereign immunity.

The judgment is affirmed.

All concur.