**INCO, LTD., Inco Electroenergy Corporation and Exide Management and Technology Corporation, Appellants,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY AIRPORT BOARD, Appellee.**

Court of Appeals of Kentucky.

Nov. 8, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 1, 1986.

J. Peter Cassidy, Jr., Stoll, Keenan & Park, Lexington, John Scott Hoff, Lapin, Hoff, Spangler & Greenberg, Chicago, Ill., for appellants.

John M. Famularo, Stites & Harbison, Lexington, for appellee.

Before LESTER, WHITE and WILHOIT, JJ.

LESTER, Judge.

This is an appeal from a summary judgment supported by an opinion dismissing appellant's tort action.

On the night of February 5, 1980, appellants sustained damage to their Beechcraft King turboprop jet aircraft while landing at Bluegrass Field in Lexington. Due to the fact that after touchdown the plane ran into an embankment of snow that had been established by the appropriate removal machinery operated by appellee, a suit was filed for $84,979.13 for repairs allegedly caused by the negligence of the employees and agents of the airport.

The defendant-below moved for summary judgment and, based upon the theory of sovereign immunity, the trial court, in a well reasoned opinion, sustained the motion. Lest there be any confusion, this litigation revolves around sovereign as opposed to municipal immunity.

Much has been written concerning the abolition of *municipal* immunity commencing with *Prather v. City of Lexington*, 52 Ky. (13 B.Mon.) 559 (1852), and most recently, *Gas Service Co., Inc. v. City of London*, Ky., 687 S.W.2d 144 (1985). However, the judiciary has refrained from tampering with our Constitution (Section 231) and the functions of the General Assembly (Constitution Sections 27, 28, and 29) with respect to sovereign or state immunity. This case falls within the purview of that doctrine for there can be no argument that the Lexington-Fayette Urban County Governmental Unit is a county and thus entitled to the protection afforded the state. *Hempel v. Lexington-Fayette Urban County Government*, Ky.App., 641 S.W.2d 51 (1982).[1] We point out that one should not be misled into the perception that Fayette County is in reality a municipal (city) corporation for the courts have pointed out on at least three occasions that the City of Lexington ceased to exist on the day that urban county government became effective. *Holsclaw v. Stephens*, Ky., 507 S.W.2d 462 (1973); *Jacobs v. Lexington-Fayette Urban County Government*, Ky., 560 S.W.2d 10 (1978) and *Hempel, supra.* This being our initial conclusion, we now turn to the other significant issue, namely, whether the airport board is a separate entity from the county, and if so, is it denied the immunity enjoyed by the government?

Appellee finds its legal heritage in KRS 183.132 which authorizes any city or county or city and county jointly to establish an air board which in turn creates and conducts a facility to assist the air navigation industry. The record does not disclose which governmental entity (or possibly a combination thereof) took the initial steps to provide Bluegrass Field, but if Fayette County did so, then *Hempel, supra,* resolves our problem. If, on the other hand, the city was appellee's parent then, as we shall see, *Holsclaw* disposes of the issue. As is pointed out in the last cited authority, KRS 67A.010 provides that "all units of city and county government" are merged "into an urban county form of government." Moreover the charter for the agency mandates at Article 1 thereof that all governmental and corporate functions of the City of Lexington are merged with the governmental functions of Fayette County to form a single government to replace and supersede the governments of the City of Lexington and Fayette County. With the demise of the city, then every function it sponsored became a county agency prior to the time of the tort involved in this appeal. With this being the posture, then *Hempel* extends the immunity of the state and the county to the air board. In this respect, we are not unmindful of *Louisville & Jefferson County Air Board v. Porter*, Ky., 397 S.W.2d 146 (1965), but since that litigation involved a *non*-negligent act involving a nuisance with no question of sovereign immunity as a defense to a tort claim being involved, then we do not consider it to be authority in the case at bar.

Appellants argue that KRS 411.115 has the effect of waiving immunity. We

---

1. Interestingly enough several of the reporter and research services indicate that *Gas Service Co.* overrules *Hempel* but in our view this is incorrect. This misconception arises from the fact that the author of *Gas Service Co.* discusses *Hempel* and then states at 687 S.W.2d 144 at 149:

> Those cases, and others we have discussed in this opinion *applying municipal immunity* in reliance on them, are overruled. (emphasis added).

In *Hempel,* Justice Vance wrote:

> Pursuant to KRS 67A.060(1) urban county government retains the immunities of county government. It is, like a county government, an arm of the state entitled to the protective cloak of *sovereign immunity*. This case should have been dismissed upon that ground. 641 S.W.2d 51 at 53 (emphasis added).

Thus, we note that since *Hempel* did not apply municipal immunity but rather sovereign immunity then the language of *Gas Service Co.* has no effect upon *Hempel* and accordingly does not overrule it.

disagree, for that statute provides for notice prior to litigation, but if, as we have concluded, the appellee is immune from tort actions, then the statute would have no application for it would have been an exercise in futility. In addition, we agree with the trial court when it said:

> We do not feel that KRS 411.115 is a waiver of immunity simply because it provides for a procedural condition before one may bring an action against a municipal governmental unit.

Appellants also advance the contention that the act authorizing the creation of an airport board provides that it may sue and be sued in its corporate capacity thus disentitling it to sovereign immunity protection. The complete answer to this position is found in *University of Louisville v. Martin,* Ky.App., 574 S.W.2d 676 (1978), and we need not address the issue further.

Finding no reason to prolong this opinion dealing with other arguments raised by appellants,

The judgment is affirmed.

WHITE, J., concurs.

WILHOIT, J., concurs in result and files separate opinion.

WILHOIT, Judge, concurring in result.

I concur in the result reached by the majority, but I cannot agree with the majority opinion insofar as it holds that the Lexington-Fayette Urban County Airport Board is a unit of the urban county government. By virtue of KRS 183.132(2), the appellee air board is "a body politic and corporate with the usual corporate attributes." As a "body politic and corporate," the board is plainly not a unit of the urban county government, but an independent entity which performs designated governmental functions including limited legislative functions. *See* KRS 183.132(2). I believe that under our case law such an entity constitutes a quasi-municipal corporation. *See Fawbush v. Louisville & Jefferson County Metropolitan Sewer District,* Ky., 240 S.W.2d 622 (1951); *Board of Education of Louisville v. Society of Alumni of Louisville Male High School,* Ky., 239 S.W.2d 931 (1951).

The determinative question here is whether a quasi-municipal corporation possesses only the limited immunity from tort claims of a true municipality. *See Gas Service Co. v. City of London,* Ky., 687 S.W.2d 144 (1985), or whether it shares the sovereign immunity of the State. It is far from clear to me how our Supreme Court would answer that question today; however, in the past it has recognized a distinction between "municipal corporations proper" and "quasi-municipal corporations." It has treated the latter as state agencies for the purpose of liability for negligence. *See Fawbush v. Louisville & Jefferson County Metropolitan Sewer District, supra.* In light of this precedent, I must concur in the result reached by the majority.