Joyce FIELDS, Appellant,

v.

LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, and GTE South, Incorporated, Appellees.

No. 2000–CA–000062–MR.

Court of Appeals of Kentucky.

Dec. 7, 2001.

Discretionary Review Denied Dec. 11, 2002.

George F. Rabe, Edsel L. Rawlings, Lexington, KY, for appellant.

Edward W. Gardner, Andrea L. Weddle, Lexington, KY, for appellee Urban County Government.

W. Craig Robertson, III, Lexington, KY, for appellee, GTE South.

Before BUCKINGHAM, EMBERTON, and TACKETT, Judges.

OPINION

BUCKINGHAM, Judge.

Joyce Fields appeals from summary judgments entered by the Fayette Circuit Court in favor of Lexington–Fayette Urban County Government (LFUCG) and GTE South, Inc. Fields alleged that on July 19, 1993, she fell and was injured on a public sidewalk abutting property owned

by GTE and located within LFUCG's jurisdiction. The trial court dismissed Fields' claim against LFUCG based on the doctrine of sovereign immunity. It dismissed Fields' claim against GTE based on the authority of *Schilling v. Schoenle*, Ky., 782 S.W.2d 630 (1990). We conclude that the trial court ruled correctly in awarding summary judgments in favor of both appellees and thus affirm.

Prior to the merger of the City of Lexington government and the Fayette County government, the City of Lexington had a sidewalk maintenance ordinance which read in pertinent part as follows:

> It shall be the duty of each owner of real estate abutting on any sidewalk to repair, at his own expense, all holes, uneven surfaces and other defects on the sidewalk upon which his property abuts, and the materials therefor shall be of similar grade and texture to that used in the construction of the sidewalk.

Following the merger of the City of Lexington and Fayette County, the ordinance was retained by LFUCG.

■ In *Schilling*, the Kentucky Supreme Court addressed similar facts. While the court held that the abutting land owner had no liability to the injured pedestrian, it further stated that the City of Newport would have been liable to the pedestrian for injuries caused by the defective sidewalk. *Id.* at 633. Based upon *Schilling*, Fields argues that liability may be imposed against LFUCG. However, the trial court held otherwise on the ground of sovereign immunity. LFUCG obviously agrees with the trial court and asserts that it is not a city, as was the case in *Schilling*, but is a county which is immune from suit.

In *Holsclaw v. Stephens*, Ky., 507 S.W.2d 462 (1973), the court upheld the constitutionality of statutes which led to the formation of LFUCG. *Id.* at 471.

The court further stated that "[i]t necessarily follows that the adoption of an urban county form of government extinguishes all city government and all county government, except units and functions of county government established by the Constitution, which theretofore existed in the county." *Id.* at 474. The court noted later in the opinion that "the city has been abolished." *Id.* at 477. Further, in *Jacobs v. Lexington–Fayette Urban County Government*, Ky., 560 S.W.2d 10 (1977), the Kentucky Supreme Court noted that it had held in *Holsclaw* that LFUCG is not a city. *Id.* at 12. *See also Hempel v. Lexington–Fayette Urban County Government*, Ky.App., 641 S.W.2d 51 (1982), wherein this court noted that an urban county government is not a city. *Id.* at 52. Therefore, since LFUCG is not a city, the principle of the *Schilling* case is not applicable to it.

The question then becomes whether LFUCG, as an urban county government, is entitled to assert the defense of sovereign immunity. That question was answered in the *Hempel* case. In *Hempel*, LFUCG was sued for tort damage caused by the back-up of a sanitary sewer which had flooded the appellant's basement, allegedly due to the negligence of LFUCG in the maintenance of the sewer system. *Id.* at 52. The *Hempel* court held that "[p]ursuant to KRS 67A.060(1) urban county government retains the immunities of county government. It is, like a county government, an arm of the state entitled to the protective cloak of sovereign immunity." *Id.* at 53. The court thus held that the appellant's claim should have been dismissed by the trial court on that ground. *Id.*

Fields argues that *Hempel* was overruled by the Kentucky Supreme Court in *Gas Service Co., Inc. v. City of London*, Ky., 687 S.W.2d 144 (1985). However, a panel

of this court in *Inco, Ltd. v. Lexington–Fayette Urban County Airport Board*, Ky. App., 705 S.W.2d 933 (1985), pointed out that the *Gas Service Co.* case did not overrule the *Hempel* case and had no effect on it. *Inco*, 705 S.W.2d at 934, n. 1. The *Inco* court stated that "there can be no argument that the Lexington–Fayette Urban County Governmental Unit is a county and thus entitled to the protection afforded the state." *Id.* at 934. In short, we hold that the trial court properly awarded summary judgment to LFUCG based on the doctrine of sovereign immunity.

■ Fields' second argument is that the trial court erred in granting summary judgment to GTE. However, the *Schilling* case is directly on point, and it holds that the abutting land owner has no liability to a pedestrian who is injured on a sidewalk. *Id.* at 633. *See also Vissman v. Koby*, Ky., 309 S.W.2d 345 (1958). Fields urges that *Schilling* be overruled, but we are without the authority to do so even if we were so inclined. *See* SCR [1] 1.030(8)(a).

■ Finally, Fields argues that she is now left without a remedy in violation of provisions in the Kentucky Constitution by virtue of our holding that LFUCG is not liable. In support of her argument, she cites *Williams v. Wilson*, Ky., 972 S.W.2d 260 (1998), and *Ludwig v. Johnson*, 243 Ky. 533, 49 S.W.2d 347 (1932). In *Williams*, the Kentucky Supreme Court upheld a trial court's decision declaring a statute restricting common law rights regarding punitive damages unconstitutional. *Id.* at 269, 49 S.W.2d 347. In *Ludwig*, the court held a statute which limited liability for injuries to guest passengers unconstitutional. *Id.* at 351. These two cases involved the jural rights doctrine.

■ In *Wood v. Board of Education of Danville*, Ky., 412 S.W.2d 877 (1967), the court held as follows:

> The doctrine of sovereign immunity had acceptance in our system of jurisprudence before the adoption of our first Constitution. It was then embodied therein and it must be recognized that whatever may have been intended by Sections 2, 14, and 26 of the Kentucky Constitution, under which appellants seek redress, it was not intended that those sections should in any way impinge on the right of the Commonwealth by its General Assembly under Section 231 to direct in what manner and in what courts suits may be brought against it. Thus, it is concluded that effect must be given to Section 231.

*Id.* at 879. In short, we agree with the statement in the LFUCG brief that "the jural rights doctrine does not trump the doctrine of sovereign immunity." *See also Clevinger v. Board of Educ. of Pike County*, Ky., 789 S.W.2d 5, 11 (1990); *Poole Truck Line, Inc. v. Commonwealth, Transportation Cabinet*, Ky.App., 892 S.W.2d 611, 614–15 (1995).

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

■

---

1. Rules of the Supreme Court.